UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY L. GOODMAN,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No. 2:26-cv-0075-JDP (SS)

ORDER

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a motion for summary judgment, requesting that the court reverse the ALJ's decision and remand for an award of benefits or, alternatively, further proceedings. The Commissioner has filed a motion to remand in which he agrees that the ALJ committed legal error but argues that the appropriate remedy is further proceedings. For the reasons discussed below, the court grants in part plaintiff's motion, denies the Commissioner's motion as moot, and remands for further proceedings.[1]

[1] The parties have consented to magistrate judge jurisdiction. ECF No. 13.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal citation omitted).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On March 16, 2023, plaintiff filed applications for a period of disability and DIB, alleging disability beginning September 17, 2021. Administrative Record ("AR") 169. In March 2025, after his applications were denied both initially and upon reconsideration, the ALJ denied plaintiff's disability claim following a hearing. AR 17-26. Specifically, the ALJ found:

> 1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2024.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 17, 2021 through his date last insured of September 30, 2024.
>
> 3. Through the date last insured, the claimant had the following severe impairments: atrial fibrillation; hypertensive heart disease; bradycardia; hypertension; obesity.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> * * *
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except that the claimant can frequently climb ramps, stairs, ladders, ropes, or scaffolds and can frequently stoop.
>
> * * *
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a Landscape Specialist and Driver, Sales Route as generally performed. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> * * *
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 17, 2021, the alleged onset date, through September 30, 2024, the date last insured.

AR 19-26 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff claims that the ALJ "improperly discounted the medical opinions" of plaintiff's cardiologist, "improperly rejected [his] testimony," and failed to support a step five finding with substantial evidence. ECF No. 12-1 at 6-14. In response, the Commissioner "concedes that remand is justified because the ALJ erred in evaluating Plaintiff's symptom testimony and [plaintiff's cardiologist's] opinion evidence." ECF No. 17 at 3. As such, the only dispute between the parties is whether the court should remand for further proceedings or an immediate award of benefits.

The Court of Appeals has announced the "credit-as-true" rule, whereby "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The first factor is satisfied because the Commissioner has conceded that the ALJ failed to provide legally sufficient reasons for rejecting medical opinion evidence. *See* ECF No. 17 at 3. Where the ALJ fails "to provide legally sufficient reasons for rejecting" evidence, "[the court] credit[s] the evidence as true." *Benecke*, 379 F.3d at 594.

However, the second factor is not satisfied because there are outstanding issues to be resolved by further proceedings. The Court of Appeals has stated that this inquiry is focused on "significant factual conflicts" between "testimony and objective medical evidence" and "crucial questions as to the extent of [the plaintiff's] impairment given inconsistencies between his testimony and the medical evidence in the record." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-05 (9th Cir. 2014).

Plaintiff testified at the hearing that he could walk for "10 or 15 minutes the most" and that he does not "bend over to pick up too much of anything" because it "shortens [his] breath." AR 42. Plaintiff also stated that he gets "a little light headed just going out [of the house]" to the point

where he does not "want to stay out there too long." AR 41. He said he is only able to spend his days "watch[ing] TV or listen[ing] to the radio." AR 44.

Two state agency medical consultants concluded that plaintiff's "statements about the intensity, persistence, and functionally limiting effects of the symptoms" were not "substantiated by the objective medical evidence alone." AR 52, 59. Specifically, each consultant independently concluded that plaintiff could stand or walk for six hours in an eight-hour workday and that he could sit for six hours in an eight-hour workday.[2] AR 53, 59. They also agreed that plaintiff had no limits in balancing, stooping, kneeling, and crouching. AR 53, 59.

In light of these assessments, the court finds that "the record raises crucial questions as to the extent of [plaintiff's] impairment given inconsistencies between his testimony and the medical evidence in the record." *Treichler*, 775 F.3d at 1105. In his reply, plaintiff does not address this inconsistency, much less mention the consultants' opinions. *See generally* ECF No. 20. Remand for further proceedings is appropriate on this basis alone.

Further, the Court of Appeals has elsewhere described this factor as determining whether "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts in this Circuit "have regularly held that there is no useful purpose in remanding for further proceedings when the Commissioner has had repeated opportunities and continues to make the same legal errors." *Jeffrey C. v. Kijakazi*, No. 3:22-cv-0079-SI, 2023 WL 4760603, at *6 (D. Or. July 26, 2023) (collecting cases). Here, on the contrary, plaintiff has had a single hearing, at which the ALJ found that plaintiff was "capable of performing past relevant work" and therefore did not consider whether there are other jobs in significant numbers that plaintiff can perform. *See* AR 25. The Court of Appeals has held that "[i]n cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we

---

[2] Plaintiff points out that his treating cardiologist opined that he could stand or walk for less than two hours in an eight-hour workday. *See* ECF No. 12-1 at 7 (citing AR 527). However, the Court of Appeals has held that a conflict between a treating provider and a consulting medical expert warrants remand. *Washington v. Kijakazi*, 72 F.4th 1029, 1042 (9th Cir. 2023).

consistently have remanded for further proceedings rather than payment of benefits." *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). The court finds that further proceedings would serve a "useful purpose" by allowing the ALJ to assess in the first instance whether there are jobs in significant numbers that plaintiff can perform. *See Garrison*, 759 F.3d at 1020

Because the second factor of the "credit-as-true" test is not satisfied, the court need not proceed further before concluding that the appropriate remedy is further proceedings, not an award of benefits. However, it bears mention that even if the court found that plaintiff satisfied all three factors, the court would still "retain 'flexibility' in determining the appropriate remedy." *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (quoting *Garrison*, 759 F.3d at 1020). Specifically, the court may "remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021). In light of the state agency medical consultants' opinions, the court would find "serious doubt" as to whether plaintiff is entitled to benefits. *See id.*

Accordingly, the matter is remanded for further proceedings. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal citations and quotations omitted); *Treichler*, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 12, is GRANTED IN PART.

2. The Commissioner's motion to remand for further proceedings, ECF No. 17, is DENIED as moot.

3. The matter is remanded for further proceedings consistent with this order. Upon remand, the Commissioner shall reevaluate the subjective symptom testimony and medical

opinion evidence under the applicable agency regulations and rulings; reassess plaintiff's residual functional capacity, if necessary; obtain supplemental vocational expert evidence to assess Plaintiff's ability to perform his past relevant work or other work in the national economy, if necessary; take any further action needed to complete the administrative record; and issue a new decision.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated: November 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE